## Case No. 13,422.
### STEWART v. BARCROFT.
[1 Hayw. & H. 41.] [1]

Circuit Court, District of Columbia. May 18, 1841.

EXECUTOR — FAILURE TO PAY OVER RESIDUE — INTEREST FOR ACCOUNT.

Where an executor was authorized by will to pay one-half of the residue after the debts were paid, and instead of doing so converted it to his own use, he will be decreed to pay to the residuary legatee the amount found due, together with interest, commencing one year after the date of his letters of administration.

This bill is filed by the complainant [Adam D. Stewart] as one of the residuary legatees under the will of Elizabeth Orr, and prays for an account. He avers that the defendant [John Barcroft, executor of Elizabeth Orr] has kept and applied the funds received by him as executor to his own use; that he has called upon the defendant to pay that part of the legacy that the complainant is entitled to, but he has utterly refused to do so. The defendant does not deny the allegations of complainant, but admits his inability to pay, and states that he has taken the benefit of the insolvent law.

Clement Cox, for complainant.
Wm. Redin, for defendant.

BY THE COURT. The cause being set for hearing on bill, exhibit, answer, and general replication, and the same being heard and duly considered, it was referred to the auditor to state the account of the defendant as executor of Elizabeth Orr with the complainant as legatee of said testatrix. The auditor reported that the executor was indebted to the estate $874.64¾; that by the will the estate, after the legacies and debts were paid, was to be equally divided between the complainant and defendant; that the sum of $500 was devised to be appropriated to the manumitting of certain negroes; that several years elapsed before the money was paid, and then it was paid by the sureties to his bond. That the defendant claims a credit of $524.94, which is allowed, leaving a balance of $349.-74¾, one-half of which, $174.87, belongs to the complainant, to which is added interest from the day it became due to the present date, $109.78, making the debt $284.65, with the costs of this suit.

If, as claimed by the complainant's solicitor, Mr. Barcroft be charged with the use of the $500 for five or six years while he held the money in his hands and used it for his benefit, it would make $82.50 to be added to the balance. But it is the auditor's opinion that Mr. Barcroft is not responsible to Mr.

Stewart for this charge. The wrong done was to the negroes who remained slaves five or six years after they ought to have been free. When the money was paid and by whom was immaterial to Mr. Stewart's interest. The complainant excepted to the auditor's report, because the auditor refused to state the account in accordance with the instructions of the complainant's solicitor. The exception on motion was allowed by the court, and it was again referred to the auditor, who made a supplemental report, allowing interest on the funds retained in the trustee's hands and used by him, commencing one year after the date of his letters of administration, the law allowing that time to executors to arrange their accounts. It is not usual, the auditor thinks, for executors to be charged with interest on moneys received by them as such, but this case differs from most others. It was a small estate, and there was little or no difficulty in settling it up speedily. After payments of the very few claims and the legacies, the residue was to be divided equally between the parties to this suit. This division could and ought to have taken place in the year 1830, even if Mr. Barcroft had retained in his own hands the sum of $500, devised to be paid by him for the negroes to be manumitted. This sum was paid in 1835, which ought to have been paid in 1828, and the complainant has not been paid at all.

The defendant, by his solicitor, excepted to this supplemental report of the auditor—Because the auditor has in said supplemental report stated interest against the executor. Because he has virtually charged interest on the $500 for the purchase of the negroes while the same remained in his hands. The true view is presented by the auditor in his first report, that the wrong, if any, was done to the negroes; that the defendant cannot be answerable therefor to said complainant, and that he ought not to seek to participate in and be benefitted by any such wrong.

It was decreed by the court that the defendant's exceptions to the supplemental report be overruled, and that the defendant pay to the complainant in full of his residuary legacy under the will of Elizabeth Orr, deceased, the sum of three hundred and fifty-six dollars, with interest thereon from July 16, 1835, and the proper costs of the complainant in this behalf sustained, to be taxed by the clerk of this court, and that the complainant be allowed his execution therefor by attachment, fieri facias, or capias ad satisfaciendum, at his election.

NOTE. Interest on $349.74¾ from February 27, 1828, to July 16, 1835, is $363.15, which added to the balance as found by the auditor makes $712.89; the one-half this sum was the amount found due.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]